# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUKHINDERJEET S. SANDHU,<br><br>    Plaintiff,<br><br>    v.<br><br>TRANS UNION LLC, et al.,<br><br>    Defendants. | Case No. 1:16-cv-01802-LJO-SAB<br><br>ORDER IMPOSING MONETARY SANCTION ON KENT VANDERSCHUIT FOR FAILURE TO COMPLY WITH COURT ORDERS AND DIRECTING CLERK OF COURT TO FORWARD COPY OF ORDER TO THE STATE BAR OF CALIFORNIA<br><br>(ECF No. 56) |

**I.**

**RELEVANT PROCEDURAL HISTORY**

Plaintiffs Sukhinderjeet Sandhu and Daljit Sandu filed this action against Defendants Trans Union LLC, Equifax Information Systems, LLC, Experian Information Solutions, Inc., and Bank of America NA, National Banking Association on November 29, 2016, alleging violations of the Fair Credit Reporting Act. (ECF No. 1.) On January 27, 2017, Plaintiff Sukhinderjeet Sandhu filed a first amended complaint. (ECF No. 10.) The first amended complaint deleted Plaintiff Daljit Sandhu and named as a defendant Bank of America LLC. A summons for Bank of America LLC issued on January 30, 2017.

On March 7, 2017, an order issued requiring Plaintiff to file a report on the status of service of the complaint within five days. (ECF No. 15.) Plaintiff did not comply so on March

15, 2017, an order issued requiring Plaintiff to show cause why sanctions should not issue for the failure to comply by March 17, 2017. (ECF No. 18.) Plaintiff did not file a response to the March 15, 2017 order. On March 20, 2017, an order issued denying Plaintiff's request to appear telephonically at the status conference and providing Plaintiff with one final opportunity to respond to the order to show cause. (ECF No. 21.) Plaintiff filed a response to the order to show cause the same date. (ECF No. 22.)

The action was stayed from April 2017 through October 2017 for the parties to engage in settlement negotiations. On October 6, 2017, an order issued continuing the stay in this action to October 27, 2017. (ECF No. 46.) The order stated that there would be no further stay of the action and a scheduling conference was set for November 21, 2017. (ECF No. 46 at 3.) The parties were ordered to file a joint scheduling report at least seven (7) days prior to the scheduling conference making the report due on November 14, 2017. Plaintiff Sukhinderjeet Sandhu has subsequently settled with all Defendants except Bank of America LLC and Equifax Information Services, LLC.

On November 2 2017, Plaintiff filed a notice of settlement with Defendant Transunion stating that the defendant would not be participating in the scheduling conference. (ECF Nos. 51.) In the order requiring the parties to file dispositional documents, the parties were advised that the defendants were expected to participate in the joint scheduling report and scheduling conference unless dispositional documents were filed prior to the deadline to file the joint scheduling report and the date of the scheduling conference. (ECF No. 52.)

On November 3, 2017, an order issued requiring Plaintiff to show cause why sanctions should not be imposed for the failure to comply with the scheduling order requiring timely service of the summons and complaint on Bank of America LLC. (ECF No. 53.) The order specifically noted that the Court has previously had to address Plaintiff's failure to comply with orders of the court and had found that counsel is not reading the orders issued in this action. Plaintiff filed a notice of settlement with Bank of America N.A. on November 8, 2017, (ECF No. 55), but did not respond to the order to show cause. As in the November 3, 2017 order, the parties were advised that all parties must participate in the joint scheduling report and scheduling

conference unless dispositional documents were filed prior to the deadline to file the joint scheduling report and the date of the scheduling conference. (ECF No. 55.)

On November 9, 2017, an order issued requiring counsel Kent Vanderschuit to personally appear on November 15, 2017, to show cause why sanctions should not issue for the failure to respond to the order to show cause. (ECF No. 56.) The parties did not file a joint scheduling report on November 14, 2017 as required by the prior orders. On November 15, 2017, Kent Vanderschuit appeared for the show cause hearing. (ECF No. 58.)

## II.

## LEGAL STANDARD

The Federal Rules of Civil Procedure provides that the underlying purpose of the rules is to secure the just, speedy and inexpensive determination" of an action. Fed. R. Civ. P. 1. To effectuate this purpose the rules provide for sanctions against parties that fail to comply with court orders or that unnecessarily multiply the proceedings. See e.g. Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b). Rule 16(f) of the Federal Rules of Civil Procedure authorizes the court to issue any just order if a party or attorney fails to obey a scheduling or other pretrial order.

The court also possesses inherent authority to impose sanctions to manage its own affairs so as to achieve the orderly and expeditious disposition of cases. Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991). The court's inherent power is that which is necessary to the exercise of all others, including to protect the due and orderly administration of justice and maintain the authority and dignity of the court. Roadway Exp., Inc. v. Piper, 447 U.S. 752, 764 (1980). In order to coerce a defendant to comply with the court's orders, the court may issue sanctions for every day the defendant fails to respond to the court's orders to show cause. See Lasar v. Ford Motor Co., 399 F.3d 1101, 1110 (9th Cir. 2005) (discussing court's authority to impose civil sanctions "intended to be remedial by coercing the defendant to do what he had refused to do.").

The Local Rules of the Eastern District of California ("L.R.") provide that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." L.R. 110. Further, "[i]n the event any attorney subject to these

Rules engages in conduct that may warrant discipline or other sanctions, any Judge or Magistrate Judge may initiate proceedings for contempt under 18 U.S.C. § 401 or Fed. R. Crim. P. 42, or may, after reasonable notice and opportunity to show cause to the contrary, take any other appropriate disciplinary action against the attorney." L.R. 184(a). "In addition to or in lieu of the foregoing, the Judge or Magistrate Judge may refer the matter to the disciplinary body of any Court before which the attorney has been admitted to practice." L.R. 184(a)

## III.

## DISCUSSION

Here, the Court has issued multiple orders to show cause in an attempt to have Mr. Vanderschuit comply with orders of the Court. Upon questioning as to why he was failing to respond to the orders of this Court, Mr. Vanderschuit stated that he receives over 100 e-mails per day and was not expecting an order to issue regarding service at this late date. Further, Mr. Vanderschuit stated that he did not file a joint status report because he is expecting the case to settle, although Defendant Equifax Information Solutions, Inc. has not responded to his settlement demand.

The Court has repeatedly found that it is clear that Mr. Vanderschuit is not reading the orders that are issued in this action. (ECF No. 21 at 2:5-11; ECF No. 53 at 1:28-2:8; ECF No. 56 at 1:20-23.) Mr. Vanderschuit's responses at the November 15, 2017 hearing further confirmed that he does not read the orders issued. For example, although the November 3, 2017 order to show cause made it clear that Plaintiff's first amended complaint had named Bank of America LLC as a defendant, a summons had issued as to this defendant, and no return of service had been filed, Mr. Vanderschuit stated that he was unaware that Bank of America LLC had been added as a defendant until he spoke with chambers after receiving the order to appear to show cause for his failure to comply.

Finally, despite being ordered to personally appear in this action due to his failure to comply with court orders, Plaintiff did not file a joint statement in compliance with the October 6, 2017 order continuing the stay until October 27, 2107 and setting the mandatory scheduling conference for November 21, 2017. (ECF No. 46; see also ECF Nos. 52 and 55 (requiring the

parties to file a joint statement if dispositional documents were not filed by November 14, 2017).) The Court finds that Mr. Vanderschuit's failure to comply with orders in this action is willful.

As the Court has previously found "an inordinate amount of time has been expended in attempting to manage this matter, especially considering that the mandatory scheduling conference has not yet occurred." (ECF No. 53 at 2:6-8.) This has impeded the Court's ability to address other matters demanding the Court's attention causing delay in decision in other pending matters. The Court finds that Mr. Vanderschuit's willful failure to comply with court orders in this action warrants the imposition of monetary sanctions to deter such conduct in the future. Accordingly, the Court finds that a sanction of $250.00 is necessary to address the extent of the failure to comply and to deter similar conduct by Mr. Vanderschuit in the future.

## IV.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Pursuant to Rule 16 of the Federal Rules of Civil Procedure, Local Rule 184, and the Court's inherent authority, monetary sanctions of $250.00 are imposed against Kent Vanderschuit for his failure to comply with orders of this Court;

2. Kent Vanderschuit shall pay the amount of $250.00 to the Clerk of the United States District Court, Eastern District of California, no later than November 22, 2017;

3. Kent Vanderschuit shall file a proof of payment within five (5) days of payment of the sanction;

4. Failure to comply with this order may result in the issuance of further sanctions; and

///
///
///
///

5. The Clerk of the Court is directed to forward a copy of this order the State Bar of California.

IT IS SO ORDERED.

Dated: **November 15, 2017**

_____
UNITED STATES MAGISTRATE JUDGE